Ronald A. Offret
#7410096
AGLIETTI, OFFRET & WOOFTER
733 W 4th Avenue, Suite 206
Anchorage, AK 99501
Phone: (907) 279-8657
Fax:    (907) 279-5534
Attorney for **Juan Jose Cardenas-Aguayo**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| VICTOR MANUEL ASTORGA, ) | |
| ALEJANDRO DOMINGUEZ BOJORQUEZ, ) | |
| **JUAN JOSE CARDENAS-AGUAYO**, ) | |
| OMAR SALAZAR-CARDENAS, ) | |
| Defendants. ) | |
| _____) | No. A05-0066 CR (RRB) |

<u>**DEFENDANT JUAN JOSE CARDENAS-AGUAYO
SENTENCING MEMORANDUM**</u>

Defendant **JUAN CARDENAS-AGUAYO**, pursuant to a plea agreement with the

United States Government, entered a plea of *guilty* on December 5, 2005 to a charge of Drug

Conspiracy in violation of 21 USC §846 and 841(a)(1)(b)(1)(A).

Sentencing is set for February 14, 2006 at 9:00 a.m.

Defendant Cardenas-Aguayo, through counsel, files this Sentencing Memorandum for

purposes of assisting this Court in arriving at a sentence that is just and fair.

**<u>Plea Agreement</u>**.  Under the plea agreement with the United States of America

entered into on December 1, 2005, Defendant changed his plea to *guilty* based upon what he

believed would be his sentence, a summary of which is set forth below:

| Base Offense Level | 2 D 1.1(c)(5) | 32 |
| Possession of Dangerous Weapon | 2D 1.1(b)(1) | +2 |
| Acceptance of Responsibility | | -3 |
| Total Offense Level | | 31 |
| Criminal History (Undetermined) | | 1 or 2 |

Category 1,                        sentencing range would be 108 – 151 months.

**Agreement to Cooperate**:

As part of the Plea Agreement, Defendant Cardenas Aguayo agreed to cooperate.  The

Government agreed to evaluate that assistance and file a 5K 1.1 downward departure.

**Pre-sentence Report**:

The pre-sentence report put Defendant in a criminal history category of 2 (¶52), as a

result of a 1996 outstanding California only warrant.

Defendant Cardenas-Aguayo believes the increase from a criminal history 1 to

criminal history 2 based upon this almost ten (10) year old warrant is inappropriate.

The records of this California arrest and the subsequent issuance of a warrant have

been provided by the U.S. Probation Office.  Defendant Cardenas mistakenly believed these

charges were dismissed.  A review of the records, however, indicates that it was a mistake on

Mr. Cardenas-Aguayo's part to believe these charges were dismissed. The record reflects he

was advised of a subsequent appearance, at which he failed to appear.  A warrant was issued.

It was a California-only warrant but formed the basis of the probation officers determination

that Mr. Cardenas-Aguayo sentence in this case should be based on a Criminal History

Category 2 rather than 1.

Defendant Cardenas-Aguayo believes this to be an overly harsh adjustment and not

truly reflective of his past criminal history.  The California charges result from his being in

possession and under the influence of a controlled substance (but not of distribution).  Further, Mr. Cardenas-Aguayo had possession of a counterfeit social security card and resident alien card.

At an offense level of 31, Criminal History Category 1 set a sentencing range at 108-135 months, whereas Criminal History 2 sentencing range is 121-151 months (PSR ¶76)

Since the advent of *Booker*[1] *the* Supreme Court has held that sentencing guidelines are advisory only, and not mandatory.  Accordingly it is not necessary that the Court sentence Defendant Cardenas-Aguayo using a Criminal History 2 category especially if the reason for such designation is an old outstanding warrant such as the one in this case.

**Other Mitigating Factors:**

Since *Booker*, the Supreme Court has stated the other factors set forth in 18 USC §3555(a) must be considered in fashioning an appropriate sentence, reminding us that sentencing guidelines are but one of many statutory concerns Federal Courts must take into account during sentencing determinations.

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater that necessary, to comply with the purposes set forth in paragraph 2."  Section 3553(a)(2) state that such purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense:
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

---

[1] *U.S. v. Booker,* 125 S.Ct. 735 (2005).
USA v. Cardenas-Aguayo
Case No. A05-0116 MJ (JDR)
Sentencing Memorandum
Page 3 of 6

Because the guidelines are not binding, "courts need not justify a sentence outside of them by citing factors that take the case outside the "heartland"", *U.S. v. Ranum,* 353 F.Supp 2d, 984, 987 (E.D. Wis. 2005).

a.) **Criminal History Category II overstates defendant's Criminal background:**

In this instance tagging Defendant with a criminal history category of 2 over-represents his criminal background. This category 2 is the sole result of the 10-year-old outstanding warrant. Defendant Cardenas-Aguayo has no prior convictions. His only other arrest was his detention on January 11, 1997 in Anchorage where he was charged with immigration violations and was removed to his home country of Mexico. Under the above circumstances, the Criminal History Category 2 overstates the seriousness of Defendant Cardena's Aguayo's past criminal conduct, and overstates his propensity to commit crime.

b.) **Older defendant, lover recidivism;**

Defendant Cardenas-Aguayo is older, i.e. 38 years old, and presents a low rate of recidivism. Defendants over the age of 40 exhibit markedly lower rates of recidivism in comparison with younger defendants. Recidivism for defendants between the ages of 41 and 50 is 6.9%, whereas for younger defendants it is much higher.[2] See *U.S. v. Carmona-Rodriquez,* 2005 WL 840464, 2005 U.S.Dist. LEXIS 6254, (S.D.N.Y. April 11, 2005); See also *Simon v. U.S.,* 361 F.Supp.2d 35 (E.D.N.Y. 2005).

c.) **Hard worker:**

Defendant Cardenas-Aguayo has always been a hard working individual. As stated in the Presentence Report, Defendant has worked as a laborer, working the fields of his farm and

---

[2] See *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines,* at p. 28 (2004) www.ussc.gov/publicat/recidivism_General.PDF

USA v. Cardenas-Aguayo
Case No. A05-0116 MJ (JDR)
Sentencing Memorandum
Page 4 of 6

his father's farm in Mexico.  Because of financial reasons, after 2003, Defendant Cardenas-Aguayo began to return to the United States to secure more income for his family.

A defendant's employment history is one factor that can be used to warrant a downward departure.  See *U.S. v. Thompson,* 74 F.Supp.2d 69 (D. Ct. Mass 1999); 234 F.3d 74 (1st Cir. 2000); *U.S. v. Jones,* 158 F.3d 493 (10th Cir. 1998).

d.) **Family responsibilities:**

Defendant's family responsibilities warrant some consideration regarding downward departure.  Defendant's significant other is Elida Prado, and they have three children, ages 11, 10 & 8.  At present, Ms. Prado has to live in Tepic, Mexico; waiting for the Defendant's return so they can return to his farm.  (PSR ¶64).

In this instance it is appropriate for the Court to give some consideration to a downward departure on Defendants sentence so he can more quickly return to Mexico to take care of his family.  This is an acceptable reason for such a departure.  See *U.S. v. Leon,* 341 F.3d 928 (9th Cir. 2003); *U.S. v. Aguirre,* 214 F.3d 1122 (9th Cir. 2000).

e.) **Alien:**

As noted in the Presentence Report, Defendant is in the United States illegally and will be removed to Mexico upon completion of his sentence.  The goal of protecting the public and providing rehabilitative opportunities are of little import for an alien who will be deported.  Therefore, they do not require a longer sentence, but probably a shorter one.  See *U.S. v. Biheiri,* 356 F.Supp. 2d 589 (E.D. VA 2005).

Further, illegal aliens such as Defendant Cardenas-Aguayo are ineligible for the one-year reduction of sentence awarded to those who complete the Bureau of Prisons 500 hour drug program. This should be a mitigating factor warranting some downward departure.  See

*McClean v. Crabtree,* 173 F.3d 1176 (9th Cir. 1999);  see also *U.S. v. Cardosa-Rodriquez,* 241 F.3d 613 (8th Cir. 2001).

## Conclusion

Defendant Cardenas-Aguayo should be sentenced under Criminal History Category 1. With a Base Offense Level at 31 is sentence starts at 108-135 before departures.

The U.S. Government can and may file a K1.1 Departure but is not required to do so.

Even without such a departure, Defendant Cardenas-Aguayo should be entitled to a reduction of 3 to 4 offense levels as a result of the criteria set forth in above sentencing memorandum.  This would put his base offense level at somewhere between 26 & 28, for a range of sentencing between 63 (at the lowest) and up to 108 at Level 29.

| Offense Level | Criminal History Category 1 | Criminal History Category II |
|---|---|---|
| 26 | 63-78 | 70-87 |
| 27 | 70-87 | 78-97 |
| 28 | 78-97 | 87-108 |
| 29 | 87-108 | 97-121 |
| 30 | 97-121 | 108-135 |
| 31 | 108-135 | 121-151 |

Defendant Cardenas-Aguayo believes his participation in this case was minimal and his participation was for a short duration. Based on departures, Defendant should be at a base level 26 and be sentenced in the range of 63 – 78 months.

RESPECTFULLY SUBMITTED this 6th day of February, 2006, at Anchorage, Alaska.

AGLIETTI, OFFRET & WOOFTER
Attorneys for Defendant CARDENAS-AGUAYO

_____/s/ Ronald A. Offret_____
Ronald A. Offret ABA #7410096