DEBORAH M. SMITH
Acting United States Attorney

KAREN L. LOEFFLER
JAMES BARKELEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-3699
Fax: (907) 271-1500
jim.barkeley@usdoj.gov
Alaska Bar No. 8306019

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:05-cr-066-RRB |
| | ) | |
| Plaintiff, | ) | **DECLARATION OF COUNSEL** |
| | ) | **IN SUPPORT OF MOTION** |
| v. | ) | **FOR FINAL DECREE OF** |
| | ) | **FORFEITURE** |
| VICTOR MANUEL ASTORGA, | ) | |
| ALEJANDRO DOMINGUEZ BOJORQUEZ, | ) | |
| JUAN JOSE CARDENAS-AGUAYO, and | ) | |
| OMAR SALAZAR-CARDENAS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I, JAMES BARKELEY, am an Assistant United States Attorney and represent the plaintiff in this action.

**PROCEDURAL OVERVIEW**

1.      In this case, four defendants were charged in the Indictment. Preliminary orders of forfeiture have already been entered against each of these defendants, in conjunction with their guilty pleas to Counts 1 and 2 (Criminal Forfeiture). The relevant criminal and forfeiture proceedings as to each of these defendants are set out below, in support of the government's request for an all-inclusive final decree of forfeiture. If granted, this motion will result in an order bringing forfeiture proceedings to a close.

**Defendant Victor Manuel Astorga (D-1)**

2.      On November 14, 2005, defendant VICTOR MANUEL ASTORGA entered into a Plea Agreement (filed under seal) by which he pled guilty to Counts 1 and 2 of the Indictment. On January 4, 2006, the Honorable Ralph R. Beistline entered a Preliminary Order of Forfeiture against the above-named defendant, forfeiting to the United States the defendant's interest in the approximately $35,822.00 IN UNITED STATES CURRENCY, and one BERETTA 92FS 9MM SEMI-AUTOMATIC HANDGUN, SERIAL NO. 161426, and one TAURUS 9MM SEMI-AUTOMATIC HANDGUN, SERIAL NO. PT92AF, described in Count 2, as property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation of 21 U.S.C. §§ 841 and 846, to which the defendant has pled guilty and been convicted, and property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, thereby rendering said currency and firearms subject to forfeiture under 21 U.S.C.

§ 853(a)(1) and (2).

**Defendant Alejandro Dominguez Bojorquez (D-2)**

3.     On December 13, 2005, defendant ALEJANDRO DOMINGUEZ BOJORQUEZ pled guilty to Counts 1 and 2 of the Indictment. On January 30, 2006, the Honorable Ralph R. Beistline entered a Preliminary Order of Forfeiture against the above-named defendant, forfeiting to the United States the defendant's interest in the approximately $35,822.00 IN UNITED STATES CURRENCY, and one BERETTA 92FS 9MM SEMI-AUTOMATIC HANDGUN, SERIAL NO. 161426, and one TAURUS 9MM SEMI-AUTOMATIC HANDGUN, SERIAL NO. PT92AF, described in Count 2, as property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation of 21 U.S.C. §§ 841 and 846, to which the defendant has pled guilty and been convicted, and property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, thereby rendering said currency and firearms subject to forfeiture under 21 U.S.C. § 853(a)(1) and (2).

**Defendant Juan Jose Cardenas-Aguayo (D-3)**

4.     On December 5, 2005, defendant JUAN JOSE CARDENAS-AGUAYO entered into a Plea Agreement by which he pled guilty to Counts 1 and 2 of the Indictment. On January 30, 2006, the Honorable Ralph R. Beistline entered a Preliminary Order of Forfeiture against the above-named defendant, forfeiting to the United States the defendant's interest in the approximately $35,822.00 IN UNITED STATES CURRENCY, and one

BERETTA 92FS 9MM SEMI-AUTOMATIC HANDGUN, SERIAL NO. 161426, and one TAURUS 9MM SEMI-AUTOMATIC HANDGUN, SERIAL NO. PT92AF, described in Count 2, as property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation of 21 U.S.C. §§ 841 and 846, to which the defendant has pled guilty and been convicted, and property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, thereby rendering said currency and firearms subject to forfeiture under 21 U.S.C. § 853(a)(1) and (2).

### Defendant Omar Salazar-Cardenas (D-4)

5.   On December 8, 2005, defendant OMAR SALAZAR-CARDENAS entered into a Plea Agreement (filed under seal) by which he pled guilty to Counts 1 and 2 of the Indictment.  On January 9, 2006, the Honorable Ralph R. Beistline entered a Preliminary Order of Forfeiture against the above-named defendant, forfeiting to the United States the defendant's interest in the approximately $35,822.00 IN UNITED STATES CURRENCY, and one BERETTA 92FS 9MM SEMI-AUTOMATIC HANDGUN, SERIAL NO. 161426, and one TAURUS 9MM SEMI-AUTOMATIC HANDGUN, SERIAL NO. PT92AF, described in Count 2, as property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation of 21 U.S.C. §§ 841 and 846, to which the defendant has pled guilty and been convicted, and property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such

violation, thereby rendering said currency and firearms subject to forfeiture under 21 U.S.C. § 853(a)(1) and (2).

6. Pursuant to 21 U.S.C. § 853(n)(1), persons asserting a legal interest in the above-described forfeited currency or firearms are entitled to a judicial determination of the validity of the legal claims or interests they assert.

7. The United States Marshals Service published notification of the Court's Preliminary Orders of Forfeiture in the Anchorage Daily News, a newspaper of general circulation, on April 10, 17, and 24, 2006. Said published notice advised all third persons of their right to petition the Court within 30 days of the publication date for a hearing to adjudicate the validity of their alleged legal interest in said currency or firearms.

8. No petitions of interest or other claims or requests for an ancillary hearing with regard to the above-described currency or firearms have been filed by any person or entity within the time allowed by law.

9. Declarant knows of no reason why a Final Decree of Forfeiture should not now be issued declaring said currency and firearms be forfeited as to all persons. Full right, title and interest in the above-described currency and firearms shall be and hereby is vested in the United States.

Further, the United States Marshals Service and its property manager and/or its contractor should be directed to dispose of said currency and firearms and pay any and all

U.S. v. VICTOR MANUEL ASTORGA, et al.
Case No. 3:05-cr-066-RRB

5

costs according to law.

 I declare under penalty of perjury that the foregoing is true and correct.

 EXECUTED this 14th day of August, 2006 in Anchorage, Alaska.

         DEBORAH M. SMITH
         Acting United States Attorney

         S/James Barkeley
         JAMES BARKELEY
         Assistant U.S. Attorney
         Federal Building & U.S. Courthouse
         222 W. 7th Avenue, #9, Room 253
         Anchorage, AK 99513-7567
         Phone: (907) 271-3699
         Fax: (907) 271-1500
         jim.barkeley@usdoj.gov
         Alaska Bar No. 8306019

U.S. v. VICTOR MANUEL ASTORGA, et al.
Case No. 3:05-cr-066-RRB

6